O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE O. BROWN,<br><br>        Petitioner,<br><br>vs.<br><br>JIM MCDONALD,<br><br>        Respondent. | Case No. CV 17-02476-CAS (DTB)<br><br>ORDER DISMISSING PETITION WITHOUT LEAVE TO AMEND |

Petitioner, a California pre-trial detainee currently incarcerated at the Twin Towers Correctional Facility in Los Angeles, California, purported to file a Petition for Writ of Habeas Corpus by a Person in State Custody herein ("Pet.") on March 13, 2017 in the Eastern District of California. The matter was transferred to the Central District of California on March 30, 2017.

It appears from the face of the Petition that petitioner's claims are not directed to the legality or duration of petitioner's current confinement. Rather, petitioner's claims are directed to the conditions of his confinement. Specifically, petitioner alleges the denial of freedom of speech to correspond and mail legal documents, access to the law library, a wholesome balanced breakfast, and equal protection of the laws and due process of law. (Pet. at 5-6.) As far as the Court can glean from the Petition, petitioner seeks access to the law library, a hot breakfast, and appropriate

1

ADA accommodations. (Id.) The Court concludes that the Petition fails to state a claim cognizable on federal habeas review.

Claims such as these, which challenge the conditions, rather than the duration, of petitioner's confinement, may not properly be asserted in a habeas petition, or as part of a habeas petition. See 28 U.S.C. § 2254(a); see also Preiser v. Rodriguez, 411 U.S. 475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Rather, such claims must be asserted in a separate civil rights action.

The Court does have discretion to construe petitioner's habeas petition as a civil rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971); Hansen v. May, 502 F.2d 728, 729 (9th Cir. 1974). However, in this instance, the Court chooses not to exercise such discretion for the following reasons:

First, petitioner has failed to make an adequate showing of indigency. The Prison Litigation Reform Act of 1995 (Public Law 104-134, 110 Stat. 1321) ("PLRA") amended 28 U.S.C. § 1915 to provide, *inter alia*, that all prisoners who file civil actions must pay the full amount of the filing fee, and that any prisoner seeking to file a complaint in a civil action without prepayment of fees must submit a completed Declaration in Support of Request to Proceed In Forma Pauperis. In addition, prisoners must submit a certified copy of their prison trust fund account statement for the 6-month period immediately preceding the filing of his/her complaint, obtained from the appropriate official of the prison at which the prisoner is confined. See 28 U.S.C. §§ 1915(a)(1)-(2), 1915(b)(1). Here, when petitioner submitted his "Petition" for filing, he failed to submit a certified copy of his trust account statement for the last six months.

Moreover, as the current action was not submitted on a civil rights complaint form, certain critical information, such as the capacity in which the defendants are named, and whether petitioner has exhausted his available administrative remedies, is lacking.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice. The Clerk is directed to send petitioner a blank Central District civil rights complaint form, which petitioner is encouraged to utilize should he desire to pursue this action.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 18, 2017

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge